NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-703

BERNADETTE D. ROOP

vs.

RICHARD ROOP.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a twenty-five year marriage, the parties divorced in 2009.  As part of a separation agreement that merged into the judgment nisi, the husband agreed to pay alimony to the wife of $300 per week on a continuing basis.  It is undisputed that the conditions under which alimony automatically was to terminate have not occurred.  It is also undisputed that the terms of the Alimony Reform Act, G. L. c. 208, §§ 49-55, do not apply.  See Griffin v. Kay, 101 Mass. App. Ct. 241, 245 (2022). Accordingly, the agreed-to alimony can be modified only if the moving party demonstrates a material change in circumstances warranting such a modification.  See Dolan v. Dolan, 99 Mass. App. Ct. 284, 289 (2021).

The husband had been employed as a contractor.  Because of declining health, he retired when he was sixty-seven or sixty-

eight years old, an age at or after the customary retirement age. His income therefore has suffered and, on that basis, he filed a modification complaint seeking a termination or reduction in his alimony obligations. After trial, a Probate and Family Court judge ruled in the wife's favor and thereby left the husband's alimony obligations unchanged. She set forth her factual findings, legal conclusions, and rationale in a thoughtful and comprehensive memorandum of decision. We affirm.

The husband does not challenge any of the judge's factual findings, and the parties in fact stipulated to many of the underlying facts. The essential question before us then is whether the judge abused her discretion in concluding that the husband had not met his burden of demonstrating a material change of circumstances. See Flor v. Flor, 92 Mass. App. Ct. 360, 363 (2017). We discern no such abuse. While it is true that the husband's income had declined due to his health-driven retirement, his overall financial status had improved significantly in other respects, at least compared to that of the wife. See Dolan, 99 Mass. App. Ct. at 289 ("In determining whether a payor has met his or her burden of demonstrating a material change in circumstances warranting a downward modification of alimony, it is well settled that a judge must consider the totality of the payor's financial circumstances, including his or her income and available assets"). The judge's

2

ultimate findings that the wife had a continued need for the prescribed alimony and that the husband had continued ability to pay it are amply supported by the record.  To the extent that the husband is correct that he will need to pay alimony by liquidating assets that he obtained in the original division of the marital estate, this does not amount to improper "double dipping."  See id. at 289-290.

We affirm the modification judgment that denied the husband's request to terminate or reduce his alimony obligations.[1]

So ordered.

By the Court (Milkey, Blake & Sacks, JJ.[2]),

Joseph F. Stanton

Clerk

Entered:  October 6, 2023.

---

[1] We deny the wife's request for an award of appellate attorney's fees.

[2] The panelists are listed in order of seniority.

3